IN THE UNITED STAT7ES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeffrey J. Christoff, et al.,                                                      Case No. 3:09CV540

        Plaintiff

       v.                                                                                          ORDER

Ohio Northern University Employee
    Benefit Plan, et al.,

        Defendant

This case arises from denial of benefits for K.C., a minor, under an ERISA health and welfare plan. Following remand to the Plan Administrator for a full and fair review, plaintiffs have filed a motion [Doc. 44] for attorneys' fees and costs under 29 U.S.C. § 1132(g)(1). They seek fees from all defendants: namely, the Ohio Northern University Employee Benefit Plan, Employee Benefits Management Corporation, and Alternative Care Management Systems, Inc. Jurisdiction is proper under 28 U.S.C. § 1331.

For the reasons discussed below, plaintiff's motion is denied without prejudice.

**Background**

Jeffrey Christoff and K.C. brought this action against defendants for denying K.C. benefits under the Plan. On June 4, 2010, I granted in part and denied defendants' motion for summary judgment and denied plaintiffs' motion for summary judgment. *Christoff v. Ohio N. Univ. Emple. Benefit Plan*, 2010 WL 2246336, *1 (N.D. Ohio); [Doc.42].

In that Order, I declined to address plaintiffs' substantive challenges to defendants' decision. *Id.* at *6. I found, however, that a serious procedural error undermined administrative review of

plaintiffs' claim for benefits, and therefore I remanded the case to the Plan Administrator for a full and fair review consistent with terms of the Plan. *Id.* at *6.

Plaintiffs seek attorney's fees pursuant to ERISA § 502(g)(1)**,** 29 U.S.C. § 1132(g)(1), in the amount of $17,500. Opposing plaintiff's motion, defendants argue that procedural remand does not qualify as "some degree of success on the merits." Thus they contend plaintiffs are not eligible for attorney's fees under ERISA.

## Discussion

Section 1132(g)(1) gives broad discretion to award attorney's fees in an ERISA action: "In any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The Court of Appeals will not reverse a district court's decision to award attorney's fees absent a clear showing of abuse. *E.g., Sweet v. Consolidated Aluminum Corp.*, 913 F.2d 268, 271 (6th Cir. 1990); § 1132(g)(1).

Awarding attorney's fees is appropriate when a party prevails on an ERISA claim. *Cattin v. General Motors Corp.*, 955 F.2d 416, 427 (6th Cir. 1992). Although the ERISA attorney's fee provision does not limit its application to prevailing parties under § 1132(g)(1), awarding attorney's fees is not appropriate absent "some degree of success on the merits." *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983); *Bittner v. Sadoff & Rudoy Indus.*, 728 F.2d 820, 829 (7th Cir. 1987) ("[I]t would be an abuse of discretion for the district court to award attorney's fees to a losing party, even though § 1132(g)(1) does not in so many words confine awards of attorney's fees to winners."). Neither "trivial success on the merits" nor a "purely procedural victory" suffices to achieve "some

success on the merits." *Ruckelshaus*, *supra*, 463 U.S. at 688. "Success on the merits" is found where the court can fairly call the outcome of the litigation. *Id*.

Plaintiffs argue that obtaining a remand of the previous ERISA decision is "some success on the merits" entitling them to attorney's fees. Plaintiffs' claim for benefits was remanded because defendants' procedural mistakes undermined the integrity of the decision making process. *Christoff*, at *6. I did not assess the merits of any actual benefits determination by the defendants, but rather remanded the case based on procedural flaws. Defendants assert this procedural remand does not qualify as "some degree of success on the merits" and on this basis alone, plaintiffs' motion for attorney's fees should be denied. *Id*.

The Supreme Court recently addressed whether a remand of an ERISA decision constitutes "some success on the merits." *Hardt v. Reliance Std. Life Ins. Co.*, \_\_\_\_U.S.\_\_\_\_, 130 S. Ct. 2149, 2159 (2010). The Court concluded that a remand order could, and in that case did, constitute some degree of success on the merits. *Id.*

The Court pointed out that the district court had found "compelling evidence that Ms. Hardt is totally disabled . . . [and] was inclined to rule in Ms. Hardt's favor [but] declined to do so before first giving Reliance the chance to address the deficiencies in its review." *Id.* at 2158. Noting that thereafter Reliance awarded Ms. Hardt benefits, the Court concluded "Hardt has achieved far more than 'trivial success on the merits' or a 'purely procedural victory.'" *Id.* at 2159. Nevertheless, the Court declined to decide "whether a remand order, without more, constitutes 'some degree of success on the merits' sufficient to make a party eligible for attorney's fees under § 1132(g)(1)." *Id.*

3

Though the decision in *Hardt* offers little guidance, some authority in this Circuit suggests that a fee petition is not ripe where a court grants a remand order, in *Hardt's* terms, "without more." *Weddell v. Ret. Comm. of the Whirlpool Prod. Emples. Ret. Plan*, 2008 WL 343137, at *3 (N.D. Ohio); *see also Bowers v. Sheet Metal Workers Nat'l Pension Fund*, 365 F.3d 535, 537-38 (6th Cir. 2004) (remanding claim to ERISA administrator "does not constitute a final decision"); *McKay v. Reliance Standard Life Ins. Co.*, 2007 WL 2897870 at *8 (E.D. Tenn.); *Baca-Flores v. Hartford Life & Accident Ins. Co.*, 2006 WL 2130528 (E.D. Mich.) (following remand, court denied attorney's fees as unwarranted under the five-factor test for fee awards and because the plaintiff was not a "prevailing party").

Plaintiffs' request for attorney's fees is not ripe. Attorney's fees may be due should plaintiffs ultimately prevail on the underlying ERISA claim. At this point I cannot fairly predict the outcome of the litigation.

Because the remand in their case was procedural and does not, without more, qualify as success on the merits, I deny plaintiffs' motion for attorney's fees without prejudice. Accordingly, I decline to exercise my discretion to award fees.

## Conclusion

For the foregoing reasons, it is hereby

ORDERED THAT plaintiffs Jeffrey Christoff and K.C.'s motion for attorney's fees be, and the same hereby is denied, without prejudice.

So ordered.

/s/ James G. Carr
U.S. District Judge